IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| BRIAN KEITH GIBBS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. |
| | § | |
| TOP NOTCH TRANSPORT INC. and | § | |
| EDGAR ALLEN KELLY, | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Brian Keith Gibbs ("Plaintiff") complains of Top Notch Transport Inc. ("Defendant Top Notch") and Edgar Allen Kelly ("Defendant Kelly"), (collectively "Defendants"), and for cause of action respectfully shows as follows:

### I.   PARTIES

1. Plaintiff is an individual that is a citizen of the State of Texas.

2. Defendant Top Notch is a corporation that is organized under the laws of the State of Arizona, whose principal place of business is located at 12405 W. Glendale Avenue, Glendale, Arizona 85307.

3. Defendant Top Notch does not have a registered agent for service of process in the State of Texas. Service of process on Defendant Top Notch may be made according to the laws of the State of Texas by serving the Texas Secretary of State. Service of process on Defendant Top Notch may also be made according to the laws of the State of Arizona by serving its registered agent for service of process, Shawn Aksamit, at 8153 W. Cielo Grande, Peoria, Arizona 85383.

4. Defendant Kelly is an individual and a citizen of the State of Arizona. Defendant Kelly may be served with process at his regular place of abode, 6826 S. 16th Way, Phoenix, Arizona 85042, or wherever he may be found.

## II. JURISDICTION AND VENUE

5. The Court has jurisdiction over the lawsuit under 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendeant are citizens of different U.S. states, and the amount in controversy exceeds $75,000, excluding interest and costs.

6. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

## III. FACTUAL ALLEGATIONS

7. On or about July 8, 2020, at approximately 8:20 a.m., Defendant Kelly was operating a commercial motor vehicle owned by Defendant Top Notch. At that time, Defendant Kelly was stopped on the Interstate 40 access road in Potter County, Texas, blocking the lane of traffic. Defendant Kelly failed to activate the tractor's flashers and did not place any hazard lights or warning cones around the commercial motor vehicle.

8. As a result, Plaintiff struck the back end of the commercial motor vehicle, causing him severe bodily injury and damages. Nothing Plaintiff did, nor failed to do, caused the collision. Rather, Defendants' negligence directly and proximately caused the collision and Plaintiff's resulting injuries and damages.

## IV. COUNT 1 –DEFENDANT TOP NOTCH

9. **Respondeat Superior:** At the time of the incident, Defendant Kelly was an employee, agent, or servant of Defendant Top Notch, and was acting within the course and scope

of such employment or agency. Accordingly, Defendant Top Notch is liable for Defendant Kelly's negligence under the principles of statutory employee, agency, respondeat superior, and vicarious liability.

10. **Statutory Employment:** Pursuant to 49 C.F.R. §§ 376.11-.12, Defendant Top Notch has both a legal right and duty to control leased vehicles operated for its benefit. Accordingly, the regulations create an employee relationship between the employees of the owner-lessors and the lessee-carriers. As such, Defendant Top Notch is vicariously liable for Defendant Kelly's negligence. *Morris v. JTM Materials, Inc.*, 78 S.W.3d 28, 38–39 (Tex. App.—Fort Worth 2002, no pet.)

11. **Negligent Hiring, Training, Supervision, and Retention:** Defendant Top Notch was negligent in hiring, training, supervising, and/or retaining Defendant Kelly and said negligence was a proximate cause of the incident and Plaintiff's damages.

12. **Negligent Maintenance, Inspection, Instrumentalities, and Repair:** Defendant Top Notch was negligent in its maintenance, inspection, repair, and replacement of the commercial motor vehicle involved in the incident. Said negligence was a proximate cause of the incident and Plaintiff's damages. Specifically, Defendant Top Notch was negligent in failing to equip the commercial motor vehicle with the required and necessary warning devices.

### V.    COUNT 2 – NEGLIGENCE OF DEFENDANT KELLY

13. At all relevant times, Defendant Kelly was negligent in failing act as a reasonably prudent driver would have done under the same of similar circumstances. More specifically, Defendant Kelly's following acts and omissions, either singularly or in combination, were a direct, proximate, and producing cause of the collision and Plaintiff's injuries and damages:

   a. operating the vehicle in an improper manner;

b. failing to keep a proper lookout for other vehicles and in particular Plaintiff's vehicle;

c. failing to equip the commercial motor vehicle with the required and necessary warning devices;

d. failing to place the required traffic warning devices;

e. failing to activate the vehicular hazard warning signal flashers; and

f. such other acts or omissions as may be discovered and/or proven at trial.

## VI. COUNT 3 – NEGLIGENCE PER SE

14. Defendants' above-described negligence violated federal regulations. Specifically, Defendants violated the 49 C.F.R. § 392.22 and 49 C.F.R. § 393.95 ("the regulations"). The regulations require a commercial motor vehicle to be equipped with one of the following types of warning devices for stopped vehicles:

> (1) Three bidirectional emergency reflective triangles that conform to the requirements of Federal Motor Vehicle Safety Standard No. 125, § 571.125 of this title; or
>
> (2) At least 6 fusees or 3 liquid-burning flares. The vehicle must have as many additional fusees or liquid-burning flares as are necessary to satisfy the requirements of § 392.22.
>
> (3) Other warning devices may be used in addition to, but not in lieu of, the required warning devices, provided those warning devices do not decrease the effectiveness of the required warning devices.

49 C.F.R. § 393.95(f).

15. Further, the regulations require the driver of a stopped commercial motor vehicle "immediately activate the vehicular hazard warning signal flashers and continue the flashing until the driver places" the required warning devices specified by 49 C.F.R. § 392.22 and 49 C.F.R. § 393.95.

16. Defendants' violation of the regulations was the proximate cause of the incident and Plaintiff's resulting injuries and damages.

17. The regulations are designed to protect a class of persons to which Plaintiff belongs against the type of injury Plaintiff suffered. Defendants' violation of the regulations was without legal excuse.

## VII. COUNT 3 – GROSS NEGLIGENCE

18. Defendants' above-described conduct constitues gross negligence, and such conduct was a proximate cause of Plaintiff's damages. Defendants' conduct justifies the imposition of punitive and exemplary damages both as punishment for Defendants'callous disregard and as a deterrent to others from engaging in similar conduct. Plaintiff therefore asks for punitive and exemplary damages in addition to all actual damages. Tex. Civ. Prac. & Rem. Code Ann. § 41.003(a)(3).

## VIII. DAMAGES

19. As a direct and proximate cause of Defendants' above-described acts and/or omissions, Plaintiff has suffered physical injuries to his body in general. Plaintiff seeks recovery for damages including, but not limited to, the following:

   a. Physical pain and mental anguish sustained in the past;

   b. Physical pain and mental anguish that, in reasonable probability, Plaintiff will sustain in the future;

   c. Loss of earning capacity sustained in the past;

   d. Loss of earning capacity that, in reasonable probability, Plaintiff will sustain in the future;

   e. Disfigurement sustained in the past;

   f. Disfigurement that, in reasonable probability, Plaintiff will sustain in the future;

   g. Physical impairment sustained in the past;

   h. Physical impairment that, in reasonable probability, Plaintiff will sustain in the future;

      i. Medical care expenses incurred in the past;

      j. Medical care expenses that, in reasonable probability, Plaintiff will incur in the future;

      k. Market-value damages; and

      l. Loss-of-use damages.

## IX.  CONDITIONS PRECEDENT

20. All conditions precedent to Plaintiff's claims for relief have been performed or have occurred.

## X.  JURY DEMAND

21. Plaintiff respectfully requests a trial by jury on all issues.

## XI.  PRAYER

Plaintiff respectfully asks the Court to issue citation for Defendants to appear and answer and to award judgment against Defendants for all of Plaintiff's damages as set forth above, prejudgment and post-judgment interest, court costs, and exemplary damages. Plaintiff prays for general relief.

Respectfully submitted,

By: /s/ Channy F. Wood
Channy F. Wood
SBN 00791954
E-mail: cwood@woodlawfirm-tx.com
Leslie Owens
SBN 24073561
E-mail: lowens@woodlawfirm-tx.com
WOOD LAW FIRM, LLP
Physical: 610 S.W. 11th Avenue (79101)
Mailing: P.O. Box 1439
Amarillo, Texas 79105-1439
Telephone: 806.372.9663
Facsimile: 806.372.9664

**ATTORNEYS FOR PLAINTIFF**